The Honorable James C. Scott State Senator #1 Scott Drive Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion regarding Act 324 of 1987 (codified at A.C.A. § 26-35-706 (Cum. Supp. 1991)), which authorizes the county tax collector to charge a postage fee to defray mailing expense. Your specific questions are as follows:
 1. If a taxpayer tenders payment of all taxes shown on a statement, but fails to tender the $.29 postage fee, should the tax collector accept the partial tender?
 2. If a taxpayer fails to pay the $.29 postage fee during the time allowed by law for payment of 1991 real and personal property taxes, should that taxpayer be returned as delinquent as to the property for which the unpaid postage fee is assessed?
I assume that your first question is asked with regard to a timely payment of taxes. It is my opinion that the answer to this question is "yes." The payment should, in my opinion, be accepted, notwithstanding failure to tender the postage fee. Section 26-35-706 states:
 (a) Every county tax collector who mails tax statements may charge the taxpayers a postage fee not to exceed the cost of first-class postage to defray the expense of processing and mailing tax statements.
 (b) The postage fee shall be noted on each tax statement and shall be paid at the same time or before the tax is paid.
 (c) The taxpayer's receipt shall include the amount of postage fee paid.
 (d)(1) Postage fees received shall be accounted for on the collector's final settlement.
 (2) The collector may use the fees to purchase postage, and any amount of fees collected in any month which are not used for the purchase of postage that month shall be deposited into the county general fund.
While the requirement that the postage fee be paid "at the same time or before the tax is paid" might at first glance suggest that taxes cannot be paid without the fee, legislative intent to that effect would, in my opinion, have to be more clearly expressed in order to reach such a conclusion. The postage fee would, otherwise, in essence be made a part of the taxes owing, nonpayment of which results in delinquency, with all its consequences. See, e.g., A.C.A. §§ 26-36-201 and -202 (1987) (delinquency penalty of 10%); 26-36-206 (1987) (distraint of goods to pay delinquent personal property taxes and 25% penalty); and 26-37-302 (Cum. Supp. 1991) (10% interest and 10% penalty for each year of delinquency in order to redeem or purchase at Commissioner's sale). The legislature has mandated the paying of real and personal property taxes "on and from the third Monday in February to and including October 10. . . ." A.C.A. § 26-35-501
(Cum. Supp. 1991). I do not believe that the postage fee authorized under § 26-35-706 constitutes a part of the taxes owing. It is a fee, not a tax. The legislature has provided elsewhere for the collection of a penalty "in the manner provided for the collection of delinquent taxes." See A.C.A. §26-36-202, supra. Sections 26-36-202 and 26-37-302, supra,
clearly mandate payment of the penalty and interest in order to redeem tax delinquent property. Section 26-35-706 does not, in my opinion, contain a similar requirement with respect to paying the postage fee before taxes may be paid.
The emergency clause of Act 324 states that "many county tax collectors mail tax statements as a courtesy to taxpayers; . . . they should be allowed to recover the expense of processing and mailing the statements; . . . this Act allows for the recovery of those expenses. . . ." Acts 1987, No. 324, § 3. While the act allows for the recovery of the processing and mailing expense and clearly establishes the required time frame for paying the fee, I cannot conclude that failure to pay the fee justifies the collector's refusal to accept the tax payment. Such a mechanism for recovering the expense, unlike with respect to a delinquency penalty and interest, is not clearly discernible from the language of § 26-35-706.
It is my opinion, based upon the foregoing, that the answer to your second question is "no." Delinquency results from failure to pay taxes owing on the property. As noted above, the postage fee is not a tax. It is therefore my opinion that failure to pay the fee does not trigger the delinquent tax provisions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh